NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2019-0507

JOHN BURT & a.

v.

SPEAKER OF THE HOUSE OF REPRESENTATIVES

Argued: March 10, 2020
Opinion Issued: August 28, 2020

Liberty Legal Services, of Manchester (Dan Hynes on the brief and orally), for John Burt.

James S. Cianci, house legal counsel, on the brief and orally, for the Speaker of the New Hampshire House of Representatives.

BASSETT, J.  The appellant, John Burt, a member of the New Hampshire House of Representatives, appeals an order of the Superior Court (Kissinger, J.) dismissing his complaint against Stephen Shurtleff, in his official capacity as the Speaker of the New Hampshire House of Representatives.  In the complaint, the appellant, together with co-plaintiffs Kevin Craig, Alicia Lekas, Tony Lekas, and Hershel Nunez, each a member of the New Hampshire House of Representatives, alleged that House Rule 63 — which, with limited exceptions, prohibits the carrying or possession of any deadly weapon in Representatives Hall, as well as in the anterooms, cloakrooms, and House gallery — violates their fundamental rights under Part I, Article 2-a of the New Hampshire Constitution.  The trial court dismissed the plaintiffs' complaint,

concluding that, because the issue presents a nonjusticiable political question, the court lacked subject matter jurisdiction.  We reverse and remand.

The pertinent facts are as follows.  On January 2, 2019, the New Hampshire House of Representatives amended House Rule 63 to provide that "[n]o person, including members of the House, except law enforcement officers while actively engaged in carrying out their duties as such, shall carry or have in possession any deadly weapon . . . while in the House Chamber, anterooms, cloakrooms, or House gallery."  N.H.H.R. Jour. ____ (2019); 2 House Record 5-9 (January 2, 2019).  Previously, House Rule 63 permitted members of the House, and others, to carry weapons in the House Chamber so long as the weapons were not displayed.  See N.H.H.R. Jour. 21-24 (2015).

In April 2019, the plaintiffs filed a complaint in the superior court challenging the constitutionality of House Rule 63.  They alleged that House Rule 63, as amended, violates their fundamental rights under Part I, Article 2-a of the State Constitution, which provides that "[a]ll persons have the right to keep and bear arms in defense of themselves, their families, their property and the state."  N.H. CONST. pt. I, art. 2-a.  The Speaker moved to dismiss the complaint, arguing that, because the complaint presented a nonjusticiable political question, the trial court lacked subject matter jurisdiction.  The trial court agreed, and granted the Speaker's motion to dismiss.

The trial court observed that "[t]he separation of powers doctrine limits judicial review of certain matters that lie within the province of the other two branches of government," and that "[w]hen the State Constitution commits an issue to one of the other two branches of government, the issue becomes non-justiciable." (Quotation omitted.)  Noting that "[t]he State Constitution grants both houses of the legislature the authority to settle the rules of proceedings in their own [h]ouse," the trial court found that "[i]t is [not] the constitutional duty of the judiciary to review . . . the rules of proceedings within the legislative chambers." (Quotation omitted.)  The trial court concluded that, "[a]s an independent and coequal branch of government, the legislature holds the inherent power to control the wearing of firearms within their chambers.  This Court will not encroach on the legislature's inherent authority to enact such rules."

On appeal, the appellant argues that the trial court erred because the plaintiffs' challenge to the constitutionality of House Rule 63 presents a justiciable issue.  He asserts that to find the challenge nonjusticiable would "violate the principles of our checks and balances system of government, and deprive plaintiffs of their constitutional rights."  Indeed, he argues, if the trial court's reasoning were upheld, it would enable a House majority to "ban women, African Americans, Jew[s], homosexual[s], republican[s], gun owners, or any other class of people they want from not only being present in the

2

[H]ouse [C]hamber, but also from voting." The Speaker counters that the trial court properly dismissed the plaintiffs' complaint because "[t]his Court has consistently reaffirmed the constitutional rulemaking authority of all three branches of government and, specifically, the authority of the legislature to establish internal rules of proceeding," and that, due to the constitutional separation of powers, "such action is not reviewable by the other branch[es]." We agree with the appellant.

Whether a controversy is nonjusticiable presents "a question of law, which we review de novo." Hughes v. Speaker, N.H. House of Representatives, 152 N.H. 276, 283 (2005). "The nonjusticiability of a political question derives from the principle of separation of powers," id. (quotation omitted), a principle which is set forth in Part I, Article 37 of our State Constitution:

> In the government of this state, the three essential powers thereof, to wit, the legislative, executive, and judicial, ought to be kept as separate from, and independent of, each other, as the nature of a free government will admit, or as is consistent with that chain of connection that binds the whole fabric of the constitution in one indissoluble bond of union and amity.

N.H. CONST. pt. I, art. 37. "The justiciability doctrine prevents judicial violation of the separation of powers by limiting judicial review of certain matters that lie within the province of the other two branches of government." Hughes, 152 N.H. at 283 (quotation omitted). "'Deciding whether a matter has in any measure been committed by the Constitution to another branch of government is itself a delicate exercise in constitutional interpretation, and is a responsibility of this Court as ultimate interpreter of the [State] Constitution.'" Id. (quoting Baker v. Carr, 369 U.S. 186, 211 (1962)) (ellipsis omitted). "Where there is such commitment, we must decline to adjudicate the matter to avoid encroaching upon the powers and functions of a coordinate political branch." Id. "A controversy is nonjusticiable — i.e., involves a political question — where there is a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it." Id. (quotation omitted).

Here, the State Constitution demonstrably commits to the legislature the authority to enact its own internal rules of proceedings. Part II, Article 22 provides that the House of Representatives "shall choose their own speaker, appoint their own officers, and settle the rules of proceedings in their own house." N.H. CONST. pt. II, art. 22 (emphasis added). However, "[o]ur conclusion that the constitution commits to the legislature [such] exclusive authority . . . does not end the inquiry into justiciability." Horton v. McLaughlin, 149 N.H. 141, 145 (2003). "The court system [remains] available for adjudication of issues of constitutional or other fundamental rights." Id. (quotation omitted). "While it is appropriate to give due deference to a co-equal

3

branch of government as long as it is functioning within constitutional constraints, it would be a serious dereliction on our part to deliberately ignore a clear constitutional violation." Baines v. N.H. Senate President, 152 N.H. 124, 129 (2005) (quotation omitted).

In Baines, we faced the question of whether a law passed by the legislature constituted a "money bill," and therefore whether the constitution required that the bill originate in the House. See id. at 125; N.H. CONST. pt. II, art. 18. Although we recognized that the constitutional authority to adopt internal procedural rules had been demonstrably committed to the legislature, we held that "the question of whether the procedures set forth in Part II, Articles 2, 20, 37 and 44 [of the State Constitution] were violated is justiciable." Id. at 130, 132. Thus, as the final arbiter of state constitutional disputes, we concluded that, "[w]hile we will not inquire into every allegation of procedural impropriety in the passage of legislation, when the question presented is whether or not a violation of a mandatory constitutional provision has occurred, it is not only appropriate to provide judicial intervention, we are mandated to do no less." Id. at 129, 132 (quotations and ellipsis omitted).

Similarly, in Hughes, we found that the legislature's internal rulemaking authority, although "continuous" and "absolute," remains subject to constitutional limitations. Hughes, 152 N.H. at 284, 288 (quotations omitted). We observed that "[c]ourts generally consider that the legislature's adherence to the rules or statutes prescribing procedure is a matter entirely within legislative control and discretion, not subject to judicial review unless the legislative procedure is mandated by the constitution." Id. at 284 (quotation omitted; emphasis added). Thus, although claims regarding the legislature's compliance with such rule-based or statutory procedures are not justiciable, see id. at 284-85, 287-88, "[c]laims regarding compliance with . . . mandatory constitutional provisions are justiciable," id. at 288 (quotation omitted; emphasis added). "It is our duty," we stated, "to interpret constitutional provisions and to determine whether the legislature has complied with them." Id.

Recognizing these principles, the Speaker acknowledges that "the case may arise where the legislature acts outside the scope of its constitutional authority or steps beyond its bounds." (Quotation omitted.) Although he recognizes that, in such a case, "it is properly within the purview of the Judiciary to exercise its constitutional authority," he asserts that "this is not that case," because "[t]he precise issue presented by this case has been definitively decided by this Court in State v. LaFrance." See State v. LaFrance, 124 N.H. 171, 181-82 (1983). We disagree that LaFrance controls.

In LaFrance, we considered the constitutionality of a statute mandating that law enforcement officers be allowed to wear firearms in any courtroom in the state. See id. at 175. Because the statute infringed upon the judiciary's

4

inherent authority to make its own internal procedural rules, we found that the statute violated the separation of powers, and, therefore, was unconstitutional. See id. at 180, 182-83. We stated that "[i]t would not be within the constitutional prerogative of the judiciary to tell either of the other two branches of government who could or could not wear guns in the Executive Council Chamber or in the Representatives' Hall." Id. at 181. "That," we said, "would properly be a matter for those branches of government to resolve." Id. This is the specific language that the Speaker cites in arguing his position, contending that "[t]his statement alone provides sufficient grounds for this Court to uphold the [s]uperior [c]ourt's dismissal of this action."

However, because it was not necessary in LaFrance to decide the extent to which any branch could regulate guns or other deadly weapons in Representatives Hall, the language relied on by the Speaker is dicta. See Appeal of Town of Lincoln, 172 N.H. 244, 253 (2019) (observing that nonessential judicial pronouncements are nonbinding dicta). Moreover, the cited dicta did not directly address the constitutionality of a limitation on an individual's fundamental constitutional rights, but rather, it dealt only with the interplay between branches of government. See LaFrance, 124 N.H. at 181. In other words, in LaFrance, we addressed the separation of powers issue implicated by the legislature's encroachment upon the internal procedures of the judicial branch; we did not directly address the related issue of whether a limitation on an individual's right to keep and bear arms would be constitutional. See id. at 175, 179-82. Nor did we address the specific question presented here: whether the judiciary has the constitutional authority to determine whether House Rule 63 violates the appellant's fundamental rights under the State Constitution. Indeed, LaFrance did not involve a limitation on an individual's fundamental right under the State Constitution to keep and bear arms, but rather, a statute safeguarding that right. See id.

Regardless, our decision in LaFrance does not permit us to treat the separation of powers as an "impenetrable barrier[]," State v. Carter, 167 N.H. 161, 166 (2014) (quotation omitted), and thereby disregard our "duty to interpret constitutional provisions and . . . determine whether the legislature has complied with them." Hughes, 152 N.H. at 288. The legislature may not, even in the exercise of its "absolute" internal rulemaking authority, violate constitutional limitations. Id. at 284, 288. Indeed, "[n]o branch of State government can lawfully perform any act which violates the State Constitution." LaFrance, 124 N.H. at 176. Therefore, "[a]ny legislative act violating the constitution or infringing on its provisions must be void because the legislature, when it steps beyond its bounds, acts without authority." Id. at 177. Accordingly, because "[i]t is the role of this court in our co-equal, tripartite form of government to interpret the Constitution," Petition of Judicial Conduct Comm., 145 N.H. 108, 113 (2000), and "to determine whether the legislature has complied with [its provisions]," Hughes, 152 N.H. at 288, we conclude that the controversy as to whether House Rule 63 violates the

5

appellant's fundamental right to keep and bear arms under Part I, Article 2-a of the State Constitution is justiciable, and that the trial court erred when it dismissed the complaint.

We are not alone in recognizing these important principles. In <u>United States v. Smith</u>, the United States Supreme Court observed that, although the Federal Constitution "empowers each house to determine its own rules of proceedings," Congress "may not by its rules ignore constitutional restraints or violate fundamental rights." <u>United States v. Smith</u>, 286 U.S. 6, 33 (1932) (quotations omitted). Additionally, in <u>Des Moines Register & Tribune Co. v. Dwyer</u>, the Iowa Supreme Court found that "[i]t is within the power of the judiciary to review the senate's rules for constitutionality and to ensure they do not violate individual fundamental rights." <u>Des Moines Register v. Dwyer</u>, 542 N.W.2d 491, 496 (Iowa 1996).

Finally, the Speaker urges us to reject the constitutional challenge, arguing that House Rule 63 is constitutional because it "merely imposes a reasonable restriction on deadly weapons in the House chamber." <u>See</u> <u>Bleiler v. Chief, Dover Police Dep't</u>, 155 N.H. 693, 699-700 (2007) (recognizing that "the New Hampshire state constitutional right to bear arms is not absolute and may be subject to restriction and regulation," and adopting a "reasonableness test" for evaluating substantive due process challenges to such regulations (quotation omitted)); <u>District of Columbia v. Heller</u>, 554 U.S. 570, 626-27, 627 n.26 (2008) (observing that "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings" are "presumptively lawful regulatory measures"). To the extent that the Speaker is asking us, in the first instance, to decide whether House Rule 63 is constitutional under Part I, Article 2-a, we decline to do so. <u>See</u> <u>Atronix v. Morris</u>, 171 N.H. 429, 436 (2018) (refusing to address issues not decided by the trial court in the first instance). Here, the trial court did not address the merits of the constitutional challenge. We express no opinion as to that issue, and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.


HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.